[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 104
The defendants' filed a motion to strike the second count of the plaintiff's complaint alleging public nuisance. The plaintiff filed no brief in opposition.
In order to prevail on a claim of public nuisance the plaintiff must prove four elements:
 (1) The condition complained of has the natural tendency to create danger and inflict injury upon person or property;
(2) the danger created was a continuing one;
(3) the use of the land was unreasonable or unlawful;
 (4) existence of the nuisance was a proximate cause of the plaintiff's injuries and damages.
 Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36404 A.2d 889 (1978); see also State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987). Stewart v.Federated Department Stores, Inc., Superior Court, judicial district of Stamford, Docket No. CV 89-010372,4 Conn. L. Rptr. 67, 69 (May 17, 1991). In Stewart, the court stated that "[P]laintiff's alleging public nuisance have the increased burden CT Page 14207 of proving a fifth element, that the condition or conduct complained of interfered with a right common to the general public." Id, 69 quoting Doe v. Manheimer, 212 Conn. 748, 755-56
n. 4 (1989).
The plaintiff fell when he entered the defendants' business establishment and slipped on a substance on the stairs. This factual scenario does not rise to the level of a public nuisance.
"One entering a premises at the express or implied invitation of a tenant or owner is not exercising a public right. Rather the person is entering as a visitor. . . .the visitor cannot recover on a public nuisance claim." Stewart v. Federated DepartmentStores, Inc., Id., 69 citing Webel v. Yale University,125 Conn. 515, 514-25 (1939).
The plaintiff has failed to allege sufficient facts to establish a legally cognizable claim in public nuisance.
For the foregoing reasons, the motion to strike is granted.
BY THE COURT
Sandra Vilardi Leheny, J.